# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PETER ORTIZ,

    Plaintiff,

v.                                                      CASE NO. 8:19-cv-168-T-02SPF

WASTE MANAGEMENT INC. OF
FLORIDA and CARLOS GARCIA,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS WITH
## PREJUDICE COUNTS I and II AND ORDER
## TO SHOW CAUSE

This matter came before the Court for a hearing on April 16, 2019 on Defendant Waste Management, Inc.'s ("WMI") motion (Dkt. 9) to dismiss with prejudice the Title VII charges, Counts I and II, of the complaint. WMI also seeks dismissal of claims brought under the Florida Civil Rights Act, Fla. Stats. § 760.01 (Counts III and IV). The Court grants the motion as to the federal Title VII counts, and dismisses with prejudice Counts I and II of this complaint. As to the remaining six state-law counts, the Court directs the parties (at the end of this Order, *infra*) to show cause why the Court should not decline to exercise

supplemental jurisdiction over the state law counts so that Plaintiff may pursue them in state court, where jurisdiction lies.

Plaintiff was a truck driver for WMI. Plaintiff brought the instant complaint (Dkt. 1) alleging that he suffered severe misconduct at the hands of his co-workers. Specifically, co-workers mocked Plaintiff when he appeared for work with a band aid on his face, taunting him and making a video of the incident on a telephone. Dkt. 1 ¶¶ 10 - 12. Then one worker, Defendant Garcia, allegedly followed Plaintiff into the restroom and made a video of Plaintiff while Plaintiff was on the toilet. This invasive and frontal video was then allegedly shown by Garcia to various co-workers, making the Plaintiff feel frightened, unsafe, and generally oppressed. *Id.* ¶¶ 17-30. Plaintiff rightly describes a severe affront to his "feelings, manhood, privacy, and dignity." *Id.* ¶ 30. It is accurate to describe Plaintiff as the victim of awful bullying by one or more co-workers.

According to Plaintiff this affront was exacerbated by his WMI supervisor, Deon Alvarez. Alvarez did not handle the matter with alacrity, seemed unconcerned about Plaintiff's privacy, and did little to investigate the matter. Supervisor Alvarez tended to take lightly Plaintiff's complaint about the video, and seemed aloof and friendly with Garcia, the alleged bully. Plaintiff was

approached by a whistle blower who showed Plaintiff the video, and told Plaintiff many workers had seen it. *Id.* ¶¶ 36-40.

Plaintiff took it upon himself to report the matter to the "Integrity Hotline" of Defendant WMI, which WMI advertises as a risk-free way to report integrity/ethics issues. The investigator on the hotline generally gave Plaintiff the run-around, was at best unsympathetic, and demanded Plaintiff identify the whistle blower directly and by name. At some point relations between Plaintiff and the hotline investigator deteriorated. Plaintiff sought out the investigator's supervisor to complain. Plaintiff was discharged shortly thereafter. *Id.* ¶¶ 44-45, 48-57, 59-61, 67-71, 75. The alleged taper (instant Defendant Garcia) was also fired later. Dkt. 9-1 at 6.

Plaintiff was fired on March 23, 2017. Dkt. 1 ¶ 75. With his present counsel, Plaintiff filed a timely EEOC complaint on August 4, 2017. Dkt. 9-1 ("first EEOC complaint").[1] This first EEOC complaint sets forth the sorry course of events that befell Plaintiff before his firing. The complaint nowhere describes or alludes to any race, national origin, sex, color, or religious discrimination or animus. It only describes oppressive conduct in Defendant WMI's work place,

---

[1]The complaint was jointly filed with the EEOC and the Florida Commission on Human Relations. Dkt. 9-1 at 1.

injury caused by "a disgusting act against my person [making me] feel unsafe and violated in [the] workplace." *Id.* at 7. Nothing exists in the first EEOC complaint that can be ascribed or viewed as sex or gender discrimination. Under the box labeled "Discrimination Based On" the Plaintiff checked "retaliation" and "other." But Plaintiff's facts set forth no retaliation for any act of Plaintiff that related to his opposition to any practice made unlawful by Title VII. Dkt. 9-1. Title VII-proscribed acts or covered animus are entirely missing from this first EEOC complaint.

As to this first EEOC complaint, the EEOC apparently undertook an investigation and did not pursue the matter further. The EEOC issued a "right to sue letter" to Plaintiff and present counsel on October 24, 2018. Dkt. 9-2.

Two weeks later, on November 7, 2018, the Plaintiff and counsel filed a second EEOC complaint. Dkt. 9-3.[2] This second EEOC complaint was based on the identical set of facts as the first one. The only difference was that, this time, a Title VII-proscribed animus was checked and claimed factually. In this complaint the Plaintiff added "sex" as a box he checked, and he added: "I was discriminated against and treated differently because I am a male. If I was a female employee

---

[2]This complaint was also jointly filed with the Florida Commission on Human Relations. Dkt. 9-3 at 1.

that had been videotaped while using the toilet, [WMI] would have treated me and my case differently and would have taken prompt remedial measures against Garcia and would have investigated the case quickly and thoroughly." Dkt. 9-3 at 7.

Unfortunately for Plaintiff, this second EEOC complaint was well out of time. *See* 42 U.S.C. § 2000e-5(e)(1) (300-day time limit). This second complaint bore EEOC case file number 511-2019-00772 (Dkt. 9-3 at 1), and the first EEOC complaint bore file number 510-2017-04053 (Dkt. 9-1 at 1). Although Plaintiff labeled his second EEOC complaint as "Amended Charge of Discrimination," the first complaint had been resolved and closed. The EEOC dismissed the second EEOC complaint, ruling: "Your charge was not timely filed with EEOC; in other words you waited too long after the date(s) of the alleged discrimination to file your charge." Dkt. 9-4.

Plaintiff filed the instant complaint on January 22, 2019, within the 90-day period allowed by the right to sue letter from the first EEOC complaint. Plaintiff averred that all conditions precedent to suit had been met (Dkt. 1 ¶ 89) and attached to the instant complaint the right to sue letter from the first EEOC complaint (Dkt. 1-1). Plaintiff's complaint makes no mention of the second EEOC complaint or its dismissal as untimely.

Plaintiff sues in Count I for retaliation under Title VII. Count II sets forth a claim for hostile work environment under Title VII. Both Title VII claims assert that the proscribed discrimination or proscribed animus was sex. The Title VII claims in the instant complaint restate the language from the second, untimely EEOC complaint, stating that had Plaintiff been female, WMI would have addressed the matter thoroughly and in privacy. Therefore, the complaint concludes, Plaintiff was treated unfairly and discriminated against because of his male sex. Dkt. 1 ¶¶ 31, 34, 35, 83-84.

Count III of the instant complaint contains a generic citation to Florida Statutes section 760.01 and claims a remedy under the Florida Civil Rights Act for retaliation. Citing the same statute, Count IV seeks a Florida statutory remedy for hostile work environment. Plaintiff brings Florida common law torts in Counts V - VIII, seeking recovery against Defendant WMI and Defendant Garcia[3] for intentional infliction of emotional distress and invasion of privacy.

**THE TITLE VII CLAIMS ARE DISMISSED WITH PREJUDICE**

The Title VII claims now asserted do not follow the EEOC complaint. The operative EEOC complaint, the one that was timely and upon which Plaintiff bases this case (*see* Dkt. 1-1) simply said nothing about sex discrimination. Although

---

[3] Garcia has not yet appeared in the lawsuit.

some leeway may be given to a plaintiff to "flesh out" and expand the facts of a lawsuit after presentation of the claims to the EEOC, here the present allegation of sex discrimination was never presented to the EEOC in a timely, proper manner.

A plaintiff's complaint is limited by the scope of the EEOC investigation that reasonably can be expected to grow out of the initial charge of discrimination. *Chanda v. Englehard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000); *see also Hopkins v. City of Jacksonville*, No. 3:07-cv-147-J-32MCR, 2014 WL 6610138, at *6 (M.D. Fla. Nov. 19, 2014) (limiting the plaintiff's claim to those included in the charge of discrimination filed with the EEOC); *Hilleman v. Univ. of Cent. Fla.*, 411 F. Supp. 2d 1354, 1364 (M.D. Fla. 2004) (granting summary judgment on gender and race claims where EEOC charge included age claim only). Consequently, "the court should dismiss a lawsuit to the extent it exceeds the scope of the allegations in the charge." *Williams v. H. Lee Moffitt Cancer Ctr. & Research Inst., Inc.*, No. 8:09-cv-784-T-33TGW, 2010 WL 5058513, at *12 (M.D. Fla. Dec. 6, 2010) (dismissing claims for gender, color, and religious discrimination when EEOC charge asserted only race, national origin, and age discrimination); *see also Gaston v. Home Depot, USA, Inc.*, 129 F. Supp. 2d 1355, 1366 (S.D. Fla. 2001) (dismissing plaintiff's claim based on national origin discrimination because the EEOC filing was based on race discrimination, and it

was not reasonable to expect that the subsequent EEOC investigation would also embrace national origin); *Freese v. Wuesthoff Health Sys., Inc.*, No. 6:06-cv-175-Orl-31JGG, 2006 WL 1382111, at *4 (M.D. Fla. May 19, 2006) (dismissing claims for gender discrimination where EEOC complaint alleged discrimination based on age).

It appears Plaintiff had second thoughts and sought to address the matter in a second EEOC complaint, but that complaint was well out of time, and dismissed as such. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1011 (11th Cir. 1982) (timely EEOC filing is condition precedent to Title VII action). Accordingly, Counts I and II are dismissed with prejudice.[4]

## ORDER TO SHOW CAUSE

Plaintiff's complaint alleges only one potential basis for subject matter jurisdiction over the state law claims: diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 ¶ 1. But Defendant Waste Management of Florida, Inc. appears to be a corporation organized under the laws of Florida. *See* sunbiz.org. And it

---

[4] WMI also sought dismissal of the Florida Civil Rights Act allegations, Counts III and IV. Those counts may well fail due to failure to exhaust administrative remedies. Fla. Stats. § 760.11(1). This Court believes the matter may end up in Florida state court, where these procedural remedies may be considered with the other Florida causes of action. Thus, the Court denies the request to dismiss Counts III and IV without prejudice to the motion being reasserted if the Court continues to exercise jurisdiction over those claims, as discussed, *infra.*

appears that both Plaintiff and Defendant Garcia may be citizens of Florida. *See* Dkt. 1 ¶¶ 3, 5. That would suggest there is no perfect diversity of citizenship between Plaintiff and Defendants and that the Court has only supplemental jurisdiction over Counts III-VIII pursuant to 28 U.S.C. § 1367, not original jurisdiction pursuant to § 1332. Section 1367, in turn, allows a federal district court to decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it has original jurisdiction, as has occurred here. 28 U.S.C. § 1367(c)(3).[5] Accordingly, the parties shall show cause in writing within ten days why the Court should not decline to exercise supplemental jurisdiction over Counts III-VIII pursuant to § 1367(c)(3). If the parties do not respond to this Order to Show Cause within ten days, the Court will assume that dismissal of Counts III-VIII under § 1367 is desired by the parties to permit Plaintiff to pursue state court remedies promptly.

It is therefore **ORDERED AND ADJUDGED** as follows:

1) Defendant Waste Management Inc. of Florida's Motion to Dismiss Counts I, II, III, and IV of Plaintiff's Complaint (Dkt. 9) is granted in

---

[5]Dismissal of state law claims is "strongly encouraged" where the federal claims are dismissed prior to trial. *See Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 798 (11th Cir. 2016) (citing *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th 1997)).

part and denied in part without prejudice. Counts I and II are dismissed with prejudice.

2) The parties shall show cause in writing within ten (10) days why the Court should not decline to exercise supplemental jurisdiction over Counts III through VIII.

**DONE AND ORDERED** at Tampa, Florida, on April 19, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record