UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER ORTIZ,

    Plaintiff,

v.                                                                           Case No. 8:19-cv-168-T-02SPF

WASTE MANAGEMENT INC. OF
FLORIDA, and CARLOS GARCIA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 27). The Court granted Defendant Waste Management Inc. of Florida's motion to dismiss with prejudice as to Counts I and II on April 19, 2019, and subsequently declined to exercise supplemental jurisdiction as to the remaining counts and closed the case (Docs. 15, 23). Plaintiff filed a timely notice of appeal as to the dismissal of Counts I and II (Doc. 24) on May 16, 2019. Fed. R. App. P. 4(a) (notice of appeal must be filed with the district clerk within 30 days of the order appealed from).

Notwithstanding the fact that Plaintiff was granted indigent status in the district-court action (Doc. 6), Plaintiff has no absolute right to appeal *in forma pauperis.* To the contrary, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3)*; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999); Fed. R. App. P. 24(a)(3). An appeal that is plainly frivolous is not taken in good faith. *See generally Napier v. Preslicka,*

314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success").

Plaintiff has failed to identify the issues to be raised on appeal, as required by Federal Rule of Appellate Procedure 24(a)(1)(C), or any colorable basis for appeal; he merely argues, without citing any supporting authority, that he is in the same financial circumstances as when the Court previously granted him *in forma pauperis* status for the district-court action. He does not include any further argument or legal basis for his appeal.  If a party fails to state the legal issues to be raised on appeal, permission to appeal *in forma pauperis* should be denied.  See, e.g., *Falu v. Potter,* No. 08–0059–WS–C, 2008 WL 2949549, at *2–3 (S.D. Ala. July 30, 2008); *Ruther v. Kochaniec,* No. 6:04–CV–1366–ORL–19–JGG, 2005 WL 1226975, at *4 (M.D. Fla. May 3, 2005).

Plaintiff's failure to identify any good faith issue to be addressed on appeal warrants denial of permission to proceed *in forma pauperis* as the Court is unable to determine whether Plaintiff's appeal is taken in good faith.  *See, e.g., Thomas v. Hernando County Hous. Auth.,* No. 8:07–cv–1902–T–33EAJ, 2009 WL 62883, at *1-2 (M.D. Fla. Jan. 8, 2009) (denying permission to proceed *in forma pauperis* where petitioner failed "to identify any issues whatsoever to be addressed on appeal").

Accordingly, it is RECOMMENDED that:

Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 27) be DENIED.

**IT IS SO REPORTED** at Tampa, Florida on June 7, 2019.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Fed. R. Civ. P. 72(b)(2). A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit and waives that party's right to challenge anything to which no specific objection was made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); 11th Cir. R. 3-1; Local Rule 6.02, M.D. Fla.

cc:   Hon. William F. Jung